UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MISTY ORNELAS,<br>Defendant. | No. 2:23-cr-00301-DC-1<br><br>ORDER GRANTING DEFENDANT MISTY ORNELAS'S UNOPPOSED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)<br><br>(Doc. No. 112) |

This matter is before the court on the motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by appointed counsel on behalf of Defendant Misty Ornelas ("Defendant") on July 29, 2026. (Doc. No. 112.) In the pending motion, Defendant argues that "extraordinary and compelling" reasons support the reduction of her sentence to time served and release from custody "based on the increasing needs of her daughter, who is beginning chemotherapy for metastasized cervical cancer," which "will leave her physically incapable of caring for herself and is expected to last six months or longer." (*Id.* at 2.) On August 4, 2026, the Government filed a statement of non-opposition to the pending motion. (Doc. No. 118.) For the reasons explained below, the court will grant Defendant's unopposed motion.

**BACKGROUND**

On November 30, 2023, a federal grand jury returned an indictment charging Defendant Misty Ornelas and her son, Defendant Jaime Ornelas, with one count of conspiracy to commit

mail fraud in violation of 18 U.S.C. § 1349. (Doc. No. 1.) The indictment charged Defendants with conspiring during the summer of 2020 to defraud the California Employment Development Department and the United States of money by submitting fraudulent unemployment insurance claims. (*Id.* at 2–5.) Defendant Misty Ornelas stopped submitting claims after approximately two months, and she was not indicted until three years later. (Doc. No. 92 at ¶¶ 15–17.)

Defendant was arraigned on December 6, 2023, and she was released on pretrial supervision the next day. (Doc. Nos. 8, 11, 12.)

Defendant timely notified authorities of her intention to accept responsibility and enter a guilty plea, which she did at a change of plea hearing held on January 10, 2025, pursuant to a plea agreement filed in this case on January 2, 2025. (Doc. Nos. 65; 72; 92 at 10–11.)

At a sentencing hearing held on June 6, 2025, Defendant was sentenced on count one of the indictment to imprisonment for a term of 18 months, to be followed by a term of 24 months on supervised release. (Doc. Nos. 98; 100 at 2–3.) The court also ordered Defendant to pay a $100 special assessment and joint and several restitution in the amount of $150,000. (Doc. Nos. 98; 100 at 6.) Defendant requested the court set her self-surrender date several months out so that she would be able to care for her daughter, who was diagnosed with stage III endocervical cancer just four days before Defendant's sentencing hearing. The court accommodated Defendant's request and set a self-surrender date of December 8, 2025. (Doc. No. 98.) During that time, Defendant was her daughter's primary caretaker; she took her daughter to her daily medical appointments and performed many other caretaking duties. (Doc. No. 117 at ¶¶ 2–3.) Defendant also cared for her daughter while she was experiencing the side effects of her medical treatment. (*Id.*) Her daughter's medical treatments were successful in the short term. (*Id.* at ¶ 4.)

Defendant timely surrendered to serve her custodial sentence. Defendant has taken advantage of the programming options available at the Bureau of Prisons; she completed a drug abuse education course and has worked for Unicor. (Doc. No. 112-1 at 8–10.) According to Defendant's First Step Act Time Credit Assessment, Defendant has a "conditional transition to community" date of October 9, 2026, meaning she is expected to transfer to a halfway house in approximately two months. (Doc. Nos. 112 at 5; 112-1 at 12.)

In support of her pending motion, Defendant submitted a declaration from her daughter that was filed under seal to protect her daughter's privacy. (Doc. Nos. 116, 117.) The court has considered the details provided in that declaration, which will not be restated in this order. In short, in late June 2026, Defendant's daughter learned that her cancer returned, necessitating immediate and lengthy medical treatment, during which time she will again need caretaking from Defendant, her only available caretaker. (Doc. No. 117 at ¶¶ 5–7.)

In the pending motion, Defendant seeks to have her custodial sentence reduced to time served so she can be released to start her 24-month term of supervised release and care for her daughter. (Doc. No. 112 at 5.) Specifically, Defendant plans to move back into her townhouse with her partner and daughter, where Defendant has lived for eight years with her loving and supportive partner and where her daughter has continued to live since her first cancer treatment. (*Id.*) To enable Defendant to care for her daughter full time during cancer treatment, Defendant's partner will support the family financially, as he works full time. (*Id.*) Following her daughter's completion of cancer treatment, Defendant will seek employment. (*Id.* at 5–6.) In short, "[i]f the sentence reduction is granted, [Defendant] will be released to a stable home where [she] is sorely needed by her daughter." (*Id.* at 6.)

## LEGAL STANDARD

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "'A judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022) ("District courts can modify prison sentences only in limited circumstances set out by federal statute.").

In enacting the First Step Act in 2018 ("FSA"), Congress amended 18 U.S.C. § 3582(c)(1) to allow "certain inmates to seek a form of sentence modification called compassionate release by filing motions to that effect with the district court." *King*, 24 F.4th at 1228; *see* 18 U.S.C. § 3582(c)(1)(A) (2018). Prior to the enactment of the FSA, motions for compassionate release could only be filed by the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2002). Even

though the statute as amended permits inmates to file motions for compassionate release, there is still an administrative exhaustion requirement, requiring that the inmate first ask the warden of the BOP facility to bring a motion on the inmate's behalf. 18 U.S.C. § 3582(c)(1)(A) (2018).

Whether the compassionate release motion is brought by the inmate or BOP, the court

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C §] 3553(a) to the extent that they are applicable, if it finds that--
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Thus, a reduction in sentence "must be consistent with the factors set forth in 18 U.S.C. § 3553(a) and any applicable Sentencing Commission policy statement." *United States v. Gerrans*, No. 23-3822, 2024 WL 4814876, at *1 (9th Cir. Nov. 18, 2024).

The U.S. Sentencing Commission issued an applicable policy statement in its November 1, 2023 Guidelines Manual, U.S.S.G. § 1B1.13, addressing "what qualifies as 'extraordinary and compelling reasons' to release a defendant from BOP custody." *United States v. Quentin Jackson*, No. 1:06-cr-00134-JLT, 2025 WL 1255131, at *3 (E.D. Cal. Mar. 31, 2025) (citing U.S.S.G. § 1B1.13). The policy statement "provides six general circumstances that may constitute an extraordinary and compelling reason for compassionate release: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) circumstances that are similar in gravity to, or a combination of, the four prior categories; and (6) an unusually long sentence." *United States v. Fernandez*, No. 5:13-cr-00527-EJD, 2025 WL 943136, at *1 (N.D. Cal. Mar. 18, 2025). The policy statement describes each category in further detail. As to the third category of family circumstances of the defendant, the

policy statement provides the following circumstances:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. 1B1.13(b)(3).

## ANALYSIS

### A. Administrative Exhaustion

As a preliminary matter, the parties do not dispute that Defendant has satisfied the administrative exhaustion requirement. On June 30, 2026, Defendant submitted a request to the warden of the BOP facility where she is housed asking that the BOP file a motion for compassionate release on her behalf. (Doc. No. 112-1 at 7.) Defendant was advised on July 2, 2026, that her request had been received, and on July 9, 2026, the acting warden denied her request. (*Id.* at 5–7.)

### B. Extraordinary and Compelling Reasons

Defendant asserts, and the Government does not dispute, that extraordinary and compelling reasons exist under § 3582(c)(1)(A)(i) and the "family circumstances of the defendant" provision of the Commission's policy statement that support the court reducing Defendant's custodial sentence to time served. (Doc. No. 112 at 3–7.) As described above, Defendant's daughter is imminently facing six or more months of debilitating cancer treatment for which she will need care from Defendant, her only available caretaker, as she did during her

six weeks of treatment prior to Defendant's self-surrender to serve her custodial term. As reflected in the declaration of Defendant's daughter, the side effects of the chemotherapy and radiation treatments left her unable to take herself to medical appointments, cook for herself, and bathe herself; she relied on Defendant for these daily care needs and is again facing those same care needs for an even longer period of time.

Thus, having considered the motion and supporting declaration, the court finds that Defendant has shown extraordinary and compelling reasons exist that support the granting of her motion for compassionate release.

**C. § 3553 and Other Relevant Factors**

Turning to the applicable sentencing factors of § 3553(a), the court finds that a reduction in Defendant's custodial sentence to time served would be consistent with the court's duty to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing. *See* 18 U.S.C. § 3553(a). First, the nature and circumstances of Defendant's offense show that although she engaged in the conspiracy to defraud the government by filing false claims, for which she was charged with one count of conspiracy to commit mail fraud, Defendant voluntarily stopped that conduct after just a few months, well before any law enforcement involvement or action was taken against her to make her stop. Further, shortly after her criminal prosecution began, she accepted responsibility and expressed her desire to enter a plea of guilty. Second, the history and characteristics of Defendant, including her past substance abuse and associated decades-old criminal history, were considered by the court at sentencing, and the court imposed a sentence that reflected the seriousness of her offense, provided just punishment, afforded adequate deterrence, and protected the public from further crimes of Defendant. The court finds that the modest reduction in the custodial sentence requested by Defendant would still be consistent with these sentencing purposes.

The court also recognizes that Defendant's performance while on pretrial release (graduating from Better Choices Court and successfully completing Moral Reconation Therapy program, *see* Doc. No. 112 at 4) and her continued efforts through programming and work while in custody (completing drug abuse courses and maintaining steady employment) show that

Defendant is committed to her rehabilitation. This too supports granting the motion for compassionate release. *See* U.S.S.G. 1B1.13(d) ("Rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.").

Moreover, it is particularly noteworthy that the Government does not oppose Defendant's motion for compassionate release, indicating the Government agrees that Defendant's release from custody is consistent with the purposes of sentencing and the factors laid out in § 3553(a). *See United States v. Negron*, No. 20-cr-03047-GPC, 2025 WL 1582346, at *5 (S.D. Cal. June 4, 2025) (granting motion for compassionate release and noting "that the government did not exercise its opportunity to oppose this motion on the grounds that a sentence reduction is not consistent with the sentencing factors or that [the defendant] is a danger to others or the community"); *see also United States v. Walker*, No. 19-cr-928-MAS, 2024 WL 580152, at *5 (D.N.J. Feb. 13, 2024) (granting compassionate release and reducing sentence to time served, despite six months remaining on custodial sentence, emphasizing that "importantly, the Government and Probation do not oppose [the defendant's] motion").

In sum, Defendant has shown that a reduction in her custodial sentence to time served is supported by extraordinary and compelling reasons and is consistent with the § 3553(a) sentencing factors considered by the court. Accordingly, the court will grant Defendant's unopposed motion for compassionate release.

**CONCLUSION**

For the reasons explained above,

1. Defendant Misty Ornela's motion to reduce her sentence (Doc. No. 112) is GRANTED;
2. Defendant Misty Ornela's 18-month custodial sentence is hereby reduced to a term of time served;
3. Defendant Misty Ornela's 24-month term of supervised release shall begin upon

her release from imprisonment; and

4. An amended judgment will issue.

IT IS SO ORDERED.

Dated: **August 13, 2026**

Dena Coggins
United States District Judge